UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

MIGUEL NAPOLEONI,

                  Plaintiff,

           v.

NEW YORK CITY DEPARTMENT OF PARKS
AND RECREATION and DISTRICT
COUNCIL 37,

                  Defendants.

---------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
18-CV-2578 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff Miguel Napoleoni, proceeding *pro se*, commenced the above-captioned action

on April 30, 2018, against the New York City Department of Parks and Recreation, and his

union, District Council 37, alleging employment discrimination and retaliation in violation of

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), and the Age

Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. ("ADEA").  (Compl. 1–3,

Docket Entry No. 1.)[1]  The Court also construes Plaintiff's allegations as asserting a claim for

breach of the duty of fair representation against District Council 37 pursuant to the National

Labor Relations Act, 29 U.S.C. § 151 *et. seq.*, ("NLRA").  For purposes of this Memorandum

and Order, the Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to

28 U.S.C. § 1915.  (IFP Mot., Docket Entry No. 2.)  For the reasons set forth below, the Court

dismisses the Complaint and grants Plaintiff thirty (30) days from the date of this Memorandum

---

[1] Because the pages of the Complaint are not consecutively paginated, the Court refers to
the page numbers assigned by the Electronic Case Filing ("ECF") System.

and Order to file an amended complaint.

## I. Background

The Court assumes the truth of the allegations in the Complaint for the purposes of this Memorandum and Order. Plaintiff, born in 1960, alleges that Defendants discriminated and retaliated against him on the basis of his race, which he does not specify, and his age. (Compl. 5.) According to Plaintiff, between March of 2013 and the filing of the Complaint, Defendants failed to promote him, denied him overtime work, denied him "fair and equal treatment from all management and supervisors," and subjected him to verbal abuse. (*Id.* at 4–5.) Plaintiff submitted "numerous complaints" to his union, but they have "led to no positive resolution." (*Id.* at 5.) On August 1, 2017, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), (*id.* at 6), and received a right-to-sue letter dated March 16, 2018, (*id.* at 8), a copy of which is attached to the Complaint.[2] Plaintiff seeks "compensation" for lost overtime and promotions, "fair and equal treatment from all superiors," and "fair and equal representation from [his] union." (*Id.* at 6.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained

---

[2] Plaintiff mistakenly states that he received the March 16, 2018 right to sue letter on January 26, 2018. (Compl. 6.)

in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*,

556 U.S. at 678.  In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's

pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers."

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S.

97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after

*Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if

the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

relief."  28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b.    Claims against the New York City Department of Parks and Recreation

Plaintiff cannot sue the New York City Department of Parks and Recreation because it is

an agency of the City of New York.  Section 396 of the New York City Charter provides that

"[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be

brought in the name of the City of New York and not in that of any agency, except where

otherwise provided by law."  N.Y. City Charter, chap. 17 § 396.  This provision "has been

construed to mean that New York City departments, as distinct from the City itself, lack the

capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159–60 (2d Cir.

2008) (per curiam); *see also Lederman v. New York City Dep't of Parks & Recreation*, 901 F.

Supp. 2d 464, 466 (S.D.N.Y. 2012) ("[T]the Department of Parks and Recreation is not a proper

defendant . . . since a City agency is not a suable entity."), *aff'd*, 731 F.3d 199 (2d Cir. 2013);

*The Homeless Patrol v. Joseph Volpe Family*, No. 09 CIV. 3628, 2010 WL 2899099, at *2 n.3

(S.D.N.Y. June 29, 2010) (nothing that City agencies, including the New York City Department

of Parks and Recreation, are generally not suable entities), *report and recommendation adopted*, No. 09 CV 3628, 2010 WL 2899076 (S.D.N.Y. July 22, 2010), *aff'd sub nom. Homeless Patrol v. Joseph Volpe Family*, 425 F. App'x 60 (2d Cir. 2011). Rather than filing a claim against the New York City Department of Parks and Recreation, Plaintiff must name the City of New York as the defendant.

### c. Plaintiff's Title VII and ADEA discrimination claims

Plaintiff fails to state a discrimination claim under Title VII or the ADEA.

Title VII provides: "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Title VII discrimination claims are analyzed under the three-stage, burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Littlejohn v. City of New York*, 795 F.3d 297, 307–08 (2d Cir. 2015).

To establish an employment discrimination claim against an employer, Title VII requires that "a plaintiff must first establish a *prima facie* case of discrimination by showing that: '(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination.'" *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015) (quoting *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000)). A plaintiff's burden at this stage is "minimal." *Holcomb v. Iona Coll.*, 521 F.3d 130, 139 (2d Cir. 2008) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993)). If the plaintiff meets her burden at this stage, a "temporary presumption" of discrimination arises, and the burden shifts to the defendant-

employer to articulate a legitimate, nondiscriminatory reason for the challenged conduct.  *Vega*, 801 F.3d at 84 (2d Cir. 2015) (quoting *Littlejohn*, 795 F.3d at 307, 311).  If the defendant-employer articulates such a reason, the burden shifts back to the plaintiff-employee to show that the defendant-employer's reason was pretext.  *Id.* at 83; *Zann Kwan v. Andalex Grp. LLC,* 737 F.3d 834, 845 (2d Cir. 2013) (citing *United States v. Brennan*, 650 F.3d 65, 93 (2d Cir. 2011)).

The ADEA makes it "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  To establish a *prima facie* case of age discrimination, a plaintiff must show that: (1) he was within the protected age group (more than 40 years old); (2) he was qualified for the position; (3) he experienced an adverse employment action; and (4) such action occurred under circumstances giving rise to an inference of discrimination.  *Gorzynski v. Jet Blue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010).

Title VII and the ADEA also make it unlawful for a labor organization to discriminate against individuals on the basis of race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(c)(1); 29 U.S.C. § 623(c)(1).  "[I]n order to establish a violation of Title VII or the ADEA by [a union], [a plaintiff must] show, at a minimum, that the union breached its duty of fair representation and that its actions were motivated by discriminatory animus."  *McIntyre v. Longwood Cent. Sch. Dist.*, 380 F. App'x 44, 49 (2d Cir. 2010) (citing *Bugg v. Int'l Union of Allied Indus. Workers*, 674 F.2d 595, 599 n.5 (7th Cir.1982)).

At the pleading stage, a plaintiff does not need to prove discrimination or even allege facts establishing every element of the *McDonnell Douglas* prima facie case, but the facts alleged must give "plausible support to the reduced requirements" of the prima facie case.

*Littlejohn*, 795 F.3d at 311; *Dawson v. N.Y.C. Transit Auth.*, 624 F. App'x 763, 767 (2d Cir. 2015); *Vega*, 801 F.3d at 84. Thus, a plaintiff need only plead facts sufficient to give "plausible support" to the plaintiff's "minimal" initial burden, which is governed by the statute under which he brings his claims. *Vega*, 801 F.3d at 84 (quoting *Littlejohn*, 795 F.3d at 307, 312); *see also Doe v. Columbia University*, 831 F.3d 46, 55 (2d Cir. 2016).

The Complaint fails to allege a race or age discrimination claim under Title VII or the ADEA, respectively. As to his Title VII claim, Plaintiff has not identified his race and therefore has not alleged that he is a member of a protected class. Nor has Plaintiff alleged any facts indicating that Defendants discriminated against him based on his race. (*See generally* Compl.) As to his age discrimination claim, although Plaintiff alleges that he is over forty years old, (*id.* at 5), and therefore within the ADEA protected age, *Gorzynski*, 596 F.3d at 107, he has not alleged any facts to suggest that he suffered any adverse employment action by his employer or discrimination by the union on the basis of his age. Accordingly, the Court dismisses Plaintiff's Title VII and ADEA discrimination claims. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### d. Plaintiff's Title VII and ADEA retaliation claims

Plaintiff fails to state a retaliation claim under Title VII or the ADEA.

Title VII prohibits retaliation against an employee who "has opposed any practice [that is] made an unlawful employment practice" under Title VII. 42 U.S.C. § 2000e-(3)(a). Retaliation claims are analyzed under the *McDonnell Douglas* burden-shifting framework outlined above. *Littlejohn*, 795 F.3d at 315 (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000)) (discussing burden-shifting); *St. Mary's Honor Ctr.*, 509 U.S. at 506 (citing *Tex. Dep't of Cty. Affairs v. Burdine*, 450 U.S. 248, 253–55 (1981)). Under that framework, a plaintiff must first establish a *prima facie* case of retaliation. *St. Mary's Honor*

*Ctr.*, 509 U.S. at 506; *Campbell v. N.Y.C. Transit Auth.*, 662 F. App'x 57, 59 (2d Cir. 2016); *Kirkland v. Cablevision Sys.*, 760 F. 3d 223, 225 (2d Cir. 2014).

To establish a *prima facie* case of retaliation against an employer under Title VII, a plaintiff must show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Littlejohn*, 795 F.3d at 316 (quoting *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010)). A plaintiff's burden at this stage is "minimal." *Holcomb*, 521 F.3d at 139 (quoting *St. Mary's Honor Ctr.*, 509 U.S. at 506). A plaintiff asserting a Title VII retaliation claim must plausibly allege that participation in the protected activity was the "but for" cause of the adverse employment action. *Vega*, 801 F.3d at 90 (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013)). But-for causation does not require that retaliation "was the only cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive." *Id.* at 91 (quoting *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 (2d Cir. 2013)); *Pothen v. Stony Brook Univ.*, 211 F. Supp. 3d 486, 497 (E.D.N.Y. 2016).

"Title VII makes it unlawful for a labor organization to discriminate against a member for opposing an unlawful employment practice or for making a charge, testifying, assisting, or participating in an investigation, proceeding, or hearing under Title VII." *Yerdon v. Henry*, 91 F.3d 370, 377 (2d Cir. 1996) (citing 42 U.S.C. § 2000e–3(a)).

The ADEA makes it "unlawful for an employer to discriminate against any of his employees or applicants for employment . . . or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual . . . has opposed any practice made unlawful by this section . . . ." 29 U.S.C. § 623(d). To establish a *prima facie*

7

case of retaliation under the ADEA, a plaintiff must show "(1) that she participated in a protected activity, (2) that she suffered an adverse employment action, and (3) that there was a causal connection between her engaging in the protected activity and the adverse employment action." *Gorzynski*, 596 F.3d at 110.

As with other claims analyzed under the *McDonnell Douglas* framework, at the pleadings stage, the allegations need only give "plausible support to the reduced prima facie requirements." *Id.* "[T]he plaintiff must plausibly allege that: (1) [the] defendants discriminated — or took an adverse employment action — against [him], (2) 'because' he has opposed any unlawful employment practice." *Vasquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267, 271 (2d Cir. 2016) (quoting *Vega*, 801 F.3d at 90).

The Complaint fails to allege a race or age retaliation claim under Title VII or the ADEA because Plaintiff has not asserted any facts indicating that he was retaliated against on the basis of any protected activity. *Gorzynski*, 596 F.3d at 110. Accordingly, the Court dismisses Plaintiff's Title VII and ADEA retaliation claims. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### e. Plaintiff's duty of fair representation claim

Plaintiff fails to state a claim for breach of the duty of fair representation based on the union's failure to achieve a "positive resolution" of his complaints. (Compl. at 5.)

"The duty of fair representation is a 'statutory obligation' under the NLRA, requiring a union 'to serve the interests of all members without hostility or discrimination . . . , to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.'" *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (second alteration in original) (quoting *Vaca v. Sipes*, 386 U.S. 171, 177 (1967)). "The objective of the duty of fair representation is to provide substantive and procedural safeguards for minority members of the collective bargaining

unit." *Flight Attendants in Reunion v. Am. Airlines, Inc.*, 813 F.3d 468, 473 (2d Cir. 2016)

(quoting *Jones v. Trans World Airlines, Inc.*, 495 F.2d 790, 798 (2d Cir. 1974)) *cert. denied*, 137

S. Ct. 313 (2016). "A union breaches its duty of fair representation if its actions with respect to a

member are arbitrary, discriminatory, or taken in bad faith." *Figueroa v. Foster*, 864 F.3d 222,

229 (2d Cir. 2017) (quoting *Fowlkes*, 790 F.3d at 388); *see also Flight Attendants in Reunion*,

813 F.3d at 473. If a plaintiff shows "that the union's actions meet this standard, the plaintiff

must then 'demonstrate a causal connection between the union's wrongful conduct and the

plaintiff's injuries.'"[3] *Pathania v. Metro. Museum of Art*, 563 F. App'x 42, 44 (2d Cir. 2014)

(alteration omitted) (quoting *Spellacy v. Airline Pilots Ass'n–Int'l*, 156 F.3d 120, 126 (2d Cir.

1998)). "A court's examination of a union's representation 'must be highly deferential,

recognizing the wide latitude that negotiators need for the effective performance of their

bargaining responsibilities.'" *Alen v. U.S. Airways, Inc.*, 526 F. App'x 89, 91 (2d Cir. 2013)

(quoting *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 78 (1991)). Neither conclusory

allegations nor "mere negligence" by the union in its enforcement of a collective bargaining

agreement is sufficient to state a claim. *Mancus v. The Pierre Hotel*, 45 F. App'x 76, 77 (2d Cir.

2002) (quoting *United Steelworkers of Am., AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 372

(1990)).

Plaintiff fails to provide any non-conclusory allegations sufficient to support a claim for

breach of the duty of fair representation. Plaintiff has neither alleged that the union's actions

were arbitrary, discriminatory, or in bad faith, nor alleged any facts from which the Court could

---

[3] To the extent there is an independent federal common law duty of fair representation, the Court finds that the common law duty is analyzed in the same manner as the statutory duty. *See Rivera v. Commc'n Workers of Am.*, No. 16-CV-1673, 2017 WL 4338754, at *4 n.2 (E.D.N.Y. Sept. 29, 2017).

infer such conduct.  *See Messina v. 1199 SEIU United Healthcare Workers E.*, 453 F. App'x 25, 27 (2d Cir. 2011) (holding the duty is not breached "where the union fails to process a meritless grievance, fails to process a grievance due to error in evaluating its merits, engages in mere negligent conduct or errors in judgment, or decides not to arbitrate a grievance." (citations omitted)); *Barr v. United Parcel Serv.*, 868 F.2d 36, 43–44 (2d Cir. 1989) ("Tactical errors are insufficient to show a breach of the duty of fair representation; even negligence on the union's part does not give rise to a breach.").  Accordingly, the Court dismisses this cause of action failure to state claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### f.  Leave to Amend

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within (30) days of this Memorandum and Order.  Plaintiff is advised that the amended complaint will completely replace the Complaint, must be captioned, "Amended Complaint," and must bear the same docket number as this Memorandum and Order.  If Plaintiff fails to timely file an amended complaint, the Court will dismiss this action for the reasons set forth above.

### III. Conclusion

For the reasons discussed above, the Court dismisses the Complaint.  The Court grants Plaintiff thirty (30) days from the date of this Memorandum and Order to amend the Complaint. No summons shall issue at this time, and all further proceedings shall be stayed for 30 days.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444 45 (1962).


SO ORDERED:


     s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: June 18, 2018
       Brooklyn, New York